```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

RONNIE S. COBY,                  :

    Plaintiff,                  :

vs.                              :
                                        CIVIL ACTION 09-0544-CG-M

MICHAEL J. ASTRUE,               :
Commissioner of
Social Security,                 :

    Defendant.                  :

## REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant (Doc. 12) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Jurisdiction has been invoked in this Court under 42 U.S.C. § 405(g).

Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Doc. 1). Defendant moved to dismiss the action, claiming that it is barred because Coby did not file the action in a timely manner (Doc. 12). Plaintiff has responded to Defendant's motion (Doc. 14). After reviewing the memoranda of record, it is recommended that Defendant's Motion to Dismiss be denied (Doc. 12) and that this action be allowed to proceed to an adjudication of the merits.

The Social Security Act, at 42 U.S.C. § 405(g), provides for judicial review of the Secretary's final decision if the action is commenced within sixty days from receipt of the Appeals

Council's letter notifying a claimant of an adverse decision.  An additional five-day period is provided for mail service.  20 C.F.R. § 422.210(c) (2009).  In this action, the Appeals Council letter is dated April 17, 2009 (Doc. 12, Declaration Exhibit 2).  The sixty-five-day period ended, therefore, on Sunday, June 21, 2009; as the Court was closed that day, Plaintiff would have been given until Monday, June 22, 2009.  See 42 U.S.C. § 416(j).[1]  The complaint is date-stamped in this Court on August 20, 2009, fifty-nine days after the period for commencing review had expired (Doc. 1).  Although the sixty-day time period is a statute of limitations which may be waived, it has not been waived in this action (Doc. 12).  See Shows v. Department of Health and Human Services, 740 F.2d 891 (11th Cir. 1984).

Plaintiff asserts that he timely filed this action (Doc. 14).  A close review of the Complaint reveals that it was date-stamped twice by the U.S. Attorney's Office in the Southern District of Alabama on June 16, 2009 (Doc. 1).  It appears to the Court that the Complaint was forwarded on to the Court to be filed as an action, after being held by the U.S. Attorney's

---

[1] "Where this title, any provision of another law of the United States relating to or changing the effect of this title, or any regulation issued by the Secretary pursuant thereto provides for a period within which an act is required to be done which affects eligibility for or the amount of any benefit or payment under this title or is necessary to establish or protect any rights under this title, and such period ends on a Saturday, Sunday, or legal holiday, . . . then such act shall be considered as done within such period if it is done on the first day thereafter which is not a Saturday, Sunday, or legal holiday or another day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive order."

2

Office for two months.  Defendant, in its Motion, does not acknowledge that the Complaint was originally sent, in error, admittedly, to the U.S. Attorney's Office or what became of it during those two months (Doc. 12).

In *Bowen v. City of New York*, 476 U.S. 472 (1986), the U.S. Supreme Court discussed the tolling of the sixty-day limitations period and noted that Social Security regulations allowed the Commissioner to grant extensions of time to file a complaint for various reasons, including illness, accident, misunderstanding, and at times when the Social Security Administration had "misled" the claimant, among other things.  *Bowen*, 476 U.S. at 480 n.12; *see also* 20 C.F.R. § 404.911.  The Supreme Court went on to hold that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  *Bowen*, 476 U.S. at 480 (*quoting Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Plaintiff asserts that he filed his Complaint in a timely manner (Doc. 14).[2]  The Court does not understand Coby to grasp the fact, even yet, that he sent his Complaint to the wrong place (*see* Doc. 14).  Even so, the Court notes that Plaintiff attempted to file his Complaint in a timely fashion; in any event, Defendant was made aware of Coby's intent to challenge the decision.  Because Defendant knew of Plaintiff's intent and

---

[2] The Court notes, for the record, that Coby is unrepresented by legal counsel and, presumably, untrained in legal matters.

physically held the evidence of it, the Court is not going to punish Coby by dismissing this action.  If Defendant had more timely forwarded the Complaint to this Court—as it ultimately did—this action would have been instituted within the sixty-day limitations period.

The Social Security Administration has provided for equitable tolling in circumstances where a claimant can show good cause for failing to meet a deadline.  This Court finds that Plaintiff has established good cause for his failure to timely file this action in that he sent it to the U.S. Attorney's Office rather than this Court.  As Defendant apparently held on to the complaint for two months, there is no reason for Coby to have been aware of his mistake.  This misunderstanding is reasonable.  The Court further finds that no harm will come to Defendant in finding that Plaintiff equitably tolled the statute of limitations in filing this action on August 20, 2009.

Therefore, it is recommended that Defendant's Motion to Dismiss be denied (Doc. 12) and that this action be allowed to proceed to an adjudication of the merits.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 12th day of November, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE