IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONNIE STEVENS COBY,            :

    Plaintiff,              :

vs.                             :
                                 CIVIL ACTION 09-544-CG-M
MICHAEL J. ASTRUE,              :
Commissioner of
Social Security,                :

    Defendant.              :

### REPORT AND RECOMMENDATION

In this action under 405(g) and 1383(c)(3), Plaintiff, appearing *pro se*, seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record and the memoranda of the parties, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Ronnie Stevens Coby and against Defendant Michael J. Astrue.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evi-

dence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-three years old, had completed a college education (Tr. 49), and had previous work experience as a construction laborer and cashier (Tr. 50, 58). In claiming benefits, Plaintiff alleges disability due to osteochondriatal defect of the left knee and degenerative disc disease (Doc. 10 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on January 12, 2006 (Tr. 109-119; *see* Tr. 11). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Coby is capable of performing his past relevant work as a cashier (Tr. 8-17). Plaintiff requested review of the hearing decision (Tr. 4-7) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Coby alleges that: (1) He can not perform light work; and (2) he can not perform his past relevant work as a cashier (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 23).

Plaintiff claims that the ALJ was incorrect in finding that

he can perform light work. Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2009).

In reaching the decision that Coby could perform light work, the ALJ relied on the findings of a disability consultant who completed a physical residual functional capacity assessment (hereinafter *RFC*) which did indicate that Plaintiff had the physical abilities to perform light work (Tr. 15; *cf.* Tr. 183-90). The assessment refers to the person who completed the form as a medical consultant (Tr. 190).

The Court notes that the Eleventh Circuit Court of Appeals has held that the opinion of a non-examining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."

3

*Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (*citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)). In this instance, the report relied on by the ALJ was not even performed by a physician, much less an examining physician. The Court finds that the RFC does not constitute substantial evidence that Plaintiff is capable of performing light work.

The Court is well aware that there is very little medical evidence in this record. The Court is also aware that the ALJ is responsible for determining a claimant's residual functional capacity (hereinafter *RFC*). *See* 20 C.F.R. § 404.1546 (2009). Nevertheless, the RFC determination must be supported by substantial evidence. As the ALJ has only given evidentiary weight to one medical opinion in this record, and that opinion comes from a non-examining non-physician, the Court finds that the ALJ's opinion is not supported by substantial evidence.

Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's RFC.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89

(1991). For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

5

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 1st day of June, 2010.

                                             s/BERT W. MILLING, JR.
                                             UNITED STATES MAGISTRATE JUDGE